STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

October 23, 2017

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **M.A., A.A.-1, and A.A.-2**

**No. 17-0394** (Randolph County 2016-JA-069, 2016-JA-070, & 2016-JA-071)

**MEMORANDUM DECISION**

Petitioner Mother S.A., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's March 27, 2017, order terminating her parental rights to M.A and A.A.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her upon insufficient evidence and terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged they drank alcohol with A.A.-1, then sixteen years old, and one of her underage friends.[2] The petition further alleged that the parents played a game with the children while drinking that included "sexual truth or dare." According to the petition, this game resulted in A.A.-1 and her friend engaging in various sexual dares wherein the parents urged the children to wrestle each other's clothing off, kiss, and perform oral sex on one another. The petition further alleged that

_____

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because two parties to this proceeding share the same initials, we will refer to them as A.A.-1 and A.A.-2 throughout this memorandum decision. Finally, the record shows that A.A.-1 reached the age of majority during the proceedings below and was, accordingly, dismissed from the proceedings. Insomuch as petitioner bases part of her argument in support of her assignments of error upon findings regarding this child, she is relevant to this appeal and referenced herein

[2]Petitioner is not the biological mother of A.A.-1.

1

the parents failed to obtain appropriate medical treatment for A.A.-2, who was born with a cleft palate that resulted in hindered speech and development. Further, the DHHR alleged that the parents were eventually incarcerated on related criminal charges and, therefore, abandoned their children. The DHHR later filed an amended petition that included additional allegations, such as drug use in the home; more specific sexual abuse disclosures from A.A.-1; more specific information regarding A.A.-2's medical condition; and the allegation that the father was a registered sex offender.

In December of 2016, the circuit court held an adjudicatory hearing, during which it heard testimony from multiple individuals to whom A.A.-1 had disclosed the sexual abuse in question. The witnesses all testified that A.A.-1 consistently disclosed the details of the abuse, including her repeated statement that the parents provided alcohol for her and her underage friend to drink while they played a game with sexual overtones. However, A.A.-1 testified at the hearing that she lied about the abuse because the father would not allow her boyfriend to stay overnight night with her. Contrary to her testimony, the circuit court heard other evidence that A.A.-1 fabricated her recantation, including A.A.-1's admission that, approximately two weeks before the hearing, she texted the same underage friend who engaged in the actions giving rise to the petition and told her that she recanted her testimony so that her siblings would be allowed to go home. The circuit court also heard testimony from the friend wherein she stated that A.A.-1 asked her to lie about the abuse and say it did not happen. A.A.-1's friend also testified about the abuse consistent with her statement to law enforcement. Neither parent testified at the adjudicatory hearing or otherwise presented any evidence. The circuit court ultimately adjudicated petitioner as an abusing parent, based on having provided A.A.-1 and her friend alcohol and engaging in a sexual game with the children.[3] The circuit court also found evidence of medical neglect sufficient to adjudicate the parents.

In January of 2017, the circuit court held a dispositional hearing, during which petitioner requested an improvement period. The circuit court denied this motion on a finding that she failed to establish that she was likely to fully participate in an improvement period. The circuit court also found that petitioner failed to acknowledge the abuse and terminated her parental rights to the children.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[3]The circuit court actually adjudicated petitioner as an "abusing and neglecting parent." However, West Virginia Code § 49-1-201 defines "abusing parent" as " a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." Because the statutory definition of "abusing parent' encompasses a parent who has been adjudicated of abuse or neglect, we will use the correct statutory term throughout this memorandum decision.

[4]The parents' parental rights to M.A. and A.A.-2 were terminated below. According to the record, A.A.-1 reached the age of majority during the proceedings and was subsequently dismissed. According to the parties, M.A. and A.A.-2 are currently placed together in a foster home with a permanency plan of adoption in that home.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in adjudicating her as an abusing parent. In support of this assignment of error, petitioner argues that the evidence was insufficient to support her adjudication, as the DHHR failed to establish that the parents sexually abused the child. This argument, however, misstates the circuit court's findings at adjudication, as it did not make a finding that petitioner engaged in sexual abuse. Specifically, the circuit court found that "[c]lear and convincing evidence exists that there was alcohol at the home of [the parents] on the night testified to by the witnesses, and that the alcohol was poured by one of the [parents] for the two teenage girls." While the circuit court went on to find that evidence also established that the parents played a game with the children that included sexual innuendoes, the relevant finding from the circuit court was that "the evidence shows that there was clearly inappropriate conduct by the . . . parents toward teenage children, sufficient to show clear and convincing evidence" that petitioner was an abusing parent. We agree.

In addressing the burden of proof at adjudication, we have held as follows:

"W.Va.Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Here, the record is clear that the DHHR met its burden. While petitioner argues that the evidence at adjudication was insufficient due to the fact that A.A.-1 testified that she fabricated the abuse in question because the father would not allow her boyfriend to spend the night in the home, we do not find this argument persuasive. Simply put, petitioner fails to acknowledge the additional evidence that called A.A.-1's credibility into question. This included evidence of several text messages to her friend that indicated A.A.-1 was lying about her recantation in order to protect

3

her siblings, which the friend refused to do. While petitioner argues that A.A.-1's friend testified that she could not recall who provided the children the alcohol, she ignores the fact that the friend testified that petitioner not only permitted the children to consume the alcohol in her presence, but also consumed alcohol with the children. This conduct alone constitutes abuse sufficient upon which to adjudicate petitioner as an abusing parent.

West Virginia Code § 49-1-201 defines an "abused child[,]" in part, as

a child whose health or welfare is being harmed or threatened by . . . [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home.

Here, the record overwhelmingly established that petitioner abused the children by knowingly inflicting or attempting to inflict mental or emotional injury upon them, among other issues. The record shows that petitioner actively consumed alcohol with two children, in addition to other improper behavior. Further, the circuit court did not find A.A.-1's testimony concerning her recantation to be credible, especially in light of the evidence establishing that she was being untruthful in her recantation in order to protect her sibling. On the contrary, A.A.-1's friend testified to petitioner's actions consistent with her prior statement to law enforcement, as established by testimony from both the friend and the investigating officer. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Accordingly, we find no error in the circuit court's adjudication of petitioner.[5]

Finally, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period before terminating her parental rights. In support of this assignment of error, petitioner argues that she complied with the services offered during the proceedings and, thus, established that she was likely to fully comply with the terms of an improvement period. We do not agree. Specifically, the circuit court found that the parents

---

[5]In support of petitioner's assignment of error regarding the sufficiency of the evidence at adjudication, she additionally takes issue with several aspects of multiple witnesses' testimony regarding the specifics of her alleged abuse and neglect. This includes her argument that the DHHR failed to prove several factual allegations, such as whether the children wore only their underwear on the night in question or wrestled or kissed during the game. According to petitioner, the DHHR's alleged failure to establish these facts resulted in her adjudication upon insufficient evidence. The Court finds, however, that it is unnecessary to address these additional issues, as petitioner's conduct regarding the children consuming alcohol in her presence is sufficient to support adjudication, as set forth above. Petitioner additionally argues that the evidence establishing medical neglect was insufficient. Again, because the evidence at adjudication regarding petitioner's conduct in permitting children to consume alcohol in her presence is sufficient to support adjudication, it is unnecessary to address this argument on appeal.

"ha[d] not acknowledged any deficiencies in their parenting[,]" and that their "failure to acknowledge the abuse and neglect at adjudication in this matter render[ed] them unable to meet [the] burden [necessary to obtain an improvement period]." This is in keeping with our prior holdings, wherein we have stated that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Simply put, petitioner's failure to acknowledge the conditions of abuse resulted in her inability to establish that she was likely to fully participate in an improvement period, as required by West Virginia Code § 49-4-610(2)(B). While petitioner argues that her attendance at hearings and multidisciplinary team meetings, as well as negative drug screens, established that she was likely to fully comply with an improvement period, she further admits that she failed to take the stand to testify to her possible compliance with a proposed improvement period. As such, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Additionally, the circuit court specifically found that there was no reasonable likelihood the conditions of abuse could be substantially corrected. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

As set forth above, petitioner refused to acknowledge any deficiency in her parenting whatsoever, thereby making her unable to follow through with a reasonable family case plan designed to remedy such conditions. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 27, 2017, order is hereby affirmed.

Affirmed.

5

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6